UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUBEN GABRIEL BETANCOURT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-23-CV-1435-FB (HJB) |
| | § | |
| CPS ENERGY, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Motion to Dismiss (Docket Entry 12) filed by Defendant CPS Energy ("CPS"). In the motion, CPS argues that the Court lacks subject-matter jurisdiction, that Plaintiff lacks standing, and that Plaintiff's complaint fails to state a claim for which relief can be granted. (*See id.* at 2–4.) For the reason set forth below, I recommend that the motion be **GRANTED**.

**I.     Jurisdiction.**

Plaintiff, a former employee of CPS, alleges that he was discriminated and retaliated against in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12112(a), 12203(a). (*See* Docket Entry 8, at 16–17.) The Court has original jurisdiction over such claims, arising under federal statute, pursuant to 28 U.S.C. § 1331. I have authority to issue this report pursuant to 28 U.S.C. § 636(b)(1).

**II.     Background.**

On September 14, 2023, Plaintiff filed a petition in the United States Bankruptcy Court for the Western District of Texas, seeking debtor's relief under Chapter 7 of the United States

Bankruptcy Code, 11 U.S.C. § 701 *et seq.*  *See* SA:23-51241-mmp, Docket Entry 2 (Bankr. W.D. Tex. Sep. 14, 2023).[1]  On November 1, 2023, Plaintiff amended his list of assets to include his legal claims against CPS.  *See* SA:23-51241-mmp, Docket Entry 12, at 8 (Bankr. W.D. Tex. Nov. 1, 2023) ("EEOC has granted Ruben Betancourt the Right to Sue CPS Energy for damages."). Plaintiff exhausted his administrative remedies and received his right to sue CPS on August 17, 2023—roughly one month before filing for bankruptcy under Chapter 7.  (*See* Docket Entry 8, at 20.)

Plaintiff filed his complaint in this case on November 16, 2023.  (Docket Entry 8.)  The complaint alleges that CPS violated the ADA by discriminating against Plaintiff based on his disabilities and then terminating Plaintiff in retaliation for complaining about said discrimination. (*See id.* at 16–17.)  The following month, on December 29, 2023, the trustee of Plaintiff's bankruptcy estate filed a motion in the bankruptcy case, asking the bankruptcy court to approve an agreement settling all of Plaintiff's claims against CPS in exchange for $5,000.  (*See* Docket Entries 17 and 17-1.)  On January 23, 2024, the bankruptcy court granted the trustee's motion. (*See* Docket Entry 20.)

### III.   Discussion.

CPS moves to dismiss Plaintiff's complaint both on jurisdictional grounds, *see* FED. R. CIV. P. 12(b)(1), as well as on the merits, *see* FED. R. CIV. P. 12(b)(6).  (*See* Docket Entry 12, at 1.) When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."

---

[1] The Court takes judicial notice of the documents filed in Plaintiff's bankruptcy case. *See Hernandez v. Baylor Univ.*, 274 F. Supp. 3d 602, 609 (W.D. Tex. 2017) ("A court may take judicial notice of 'a document filed in another court . . . to establish the fact of such litigation and related filings.'") (quoting *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007)).

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Thus, the undersigned begins with CPS's jurisdictional grounds for dismissal. And because CPS is correct that the Court lacks jurisdiction, the undersigned will recommend dismissal on that basis, without reaching CPS's arguments on the merits.

    **A.** *Legal standards.*

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "Subject-matter jurisdiction is thus inherently a threshold matter." *Satanic Temple, Inc. v. Young*, 681 F. Supp. 3d 685, 691 (S.D. Tex. 2023) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)), *appeal dismissed*, No. 23-20329, 2023 WL 9107299 (5th Cir. Sept. 7, 2023). And a federal court's decision to hear a case beyond its jurisdiction is no "mere technical violation, but is instead an unconstitutional usurpation of power." *Satanic Temple, Inc.*, 681 F. Supp. 3d at 691 (quoting Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 3522 (West 3d ed. Apr. 2022 update)) (internal quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(1) permits a party to challenge the court's subject-matter jurisdiction as a defense. *Attridge v. Colonial Sav. F.A.*, No. SA-20-CV-00205-OLG, 2023 WL 6444894, at *2 (W.D. Tex. Sept. 28, 2023). A motion to dismiss under Rule 12(b)(1) comes in two variants: "one facial, the other factual." *Satanic Temple, Inc.*, 681 F. Supp. 3d at 691 (collecting cases). "In a *facial challenge*, the defendant argues simply that the allegations in the complaint are insufficient to support jurisdiction." *Id.* (emphasis in original). In ruling upon such a motion, the Court may "look only at the operative complaint, with all allegations presumed to be true." *Id.* A *factual challenge*, by contrast, "challenges the existence of subject-matter jurisdiction in fact, irrespective of the pleadings." *Attridge*, 2023 WL 6444894, at *2 (quoting *Menchaca v.*

*Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).  When a defendant mounts a factual challenge—as CPS does here—the Court "has discretion to consider any evidence submitted by the parties, such as affidavits, testimony, and documents."  *Satanic Temple, Inc.*, 681 F. Supp. 3d at 691 (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981)).

Once jurisdiction is put at issue, the party asserting jurisdiction—here, the Plaintiff—"has the burden to establish by a preponderance of the evidence that it properly exists."  *Satanic Temple, Inc.*, 681 F. Supp. 3d at 691 (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)).   Indeed, there is "a presumption against subject-matter jurisdiction" which "must be rebutted by the party bringing an action to federal court."  *Satanic Temple, Inc.*, 681 F. Supp. 3d at 691 (quoting *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996)).   Challenges to subject-matter jurisdiction include "objection to the standing of the plaintiff to assert a claim."  *Satanic Temple, Inc.*, 681 F. Supp. 3d at 691 (citing *Moore v. Bryant*, 853 F.3d 245, 248 n.2 (5th Cir. 2017)).

**B.   *Analysis.***

"When a debtor files a Chapter 7 petition, his assets . . . are immediately transferred to a bankruptcy estate."  *Harris v. Viegelahn*, 575 U.S. 510, 513 (2015) (citing 11 U.S.C. § 541).  "A Chapter 7 trustee is then charged with selling the property of the estate, . . . and distributing the proceeds to the debtor's creditors."  *Harris*, 575 U.S. at 513 (citing 11 U.S.C. §§ 704(a)(1), 726).  "Crucially, however, a Chapter 7 estate does not include the wages a debtor earns or the assets he acquires *after* the bankruptcy filing."  *Harris*, 575 U.S. at 513–14 (emphasis in original) (citing 11 U.S.C. § 541(a)(1)).  The question here, then, is when Plaintiff acquired his cause of action.

Here, the EEOC granted Plaintiff the right to sue CPS *before* he filed his original petition for bankruptcy—a petition which he later amended to expressly identify the claims against CPS as one of assets.  (*See* Docket Entry 8, at 20.)  *See* SA:23-51241-mmp, Docket Entries 2 and 12

(Bankr. W.D. Tex. Sep. 14, 2023).  As such, Plaintiff's claims against CPS were the property of the bankruptcy estate before he filed his complaint.  *See, e.g.*, 11 U.S.C. § 541(a)(1) (providing that the bankruptcy estate "is comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case"); *Harris*, 575 U.S. at 513 (citing 11 U.S.C. § 541(a)(1)); *La. World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 245 (5th Cir. 1988) ("Section 541(a)(1)'s reference to 'all legal or equitable interests of the debtor in property' includes causes of action belonging to the debtor at the time the case is commenced.").  Because he transferred his claims against CPS to the bankruptcy court, Plaintiff deprived himself of standing and deprived the Court of any jurisdiction over those claims.  *See, e.g.*, *In re Coutts*, No. 21-40528, 2022 WL 3367711, at *4 (Bankr. E.D. Tex. July 1, 2022) (quoting *Matter of Educators Grp. Health Tr.*, 25 F.3d 1281, 1284 (5th Cir. 1994)) ("If a cause of action belongs to the estate, then the trustee has exclusive standing to assert the claim."); *In re Porter*, 511 B.R. 785, 805 (Bankr. E.D. La. 2014) ("[A] bankruptcy court has exclusive constitutional and jurisdictional authority over the *res* that comprises the debtor's estate.").

In his response to CPS's motion, Plaintiff vaguely invokes the Fourteenth Amendment of the United States Constitution.  (*See* Docket Entry 17, at 3–4.)  Those vague references to the Due Process Clause cannot provide the Court with jurisdiction here.  Plaintiff's decision to file for bankruptcy—voluntarily relinquishing his causes of action against CPS to the bankruptcy estate for purposes of satisfying his debts—by no means amounts to a state deprivation of property without due process of law.  Indeed, there is no state action here at all; just a federal court addressing a claim against a private entity.  *See, e.g.*, U.S. CONST. AMEND. XIV ("*No state* shall . . . deprive any person of . . . property, without due process of law.") (emphasis added); *Smart v. U.S. Dep't of Veteran Affs.*, 759 F. Supp. 2d 867, 875 (W.D. Tex. 2010) ("[T]he Fourteenth Amendment

applies to actions taken by states, not the federal government."); *Noah v. Gov't Emps. Ins. Co.*, No. C/A SA 00-CA-018 WWJ, 2001 WL 36199119, at *7 (W.D. Tex. Apr. 9, 2001) ("Since GEICO is a private entity, it cannot violate the plaintiffs' Fourteenth Amendment rights."). Thus, Plaintiff's appeal to the Fourteenth Amendment is unavailing.

Plaintiff also appeals to Article III, but this strategy fares no better. Article III is precisely the source of the requirement that Plaintiff have standing. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) ("[U]nder Article III, the plaintiff must have a ' "personal stake" ' in the case—in other words, standing."). As shown above, Plaintiff lacks standing in this case: since his claims against CPS were already the property of the bankruptcy estate when he filed his complaint, "the Trustee is the real party in interest with exclusive standing to assert them." *See Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001). Accordingly, Plaintiff cannot show "that he is a proper party to invoke judicial resolution" of his claims against CPS, and his complaint should be dismissed for lack of standing. *See Hotze v. Burwell*, 784 F.3d 984, 993 (5th Cir. 2015) (*quoting FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)).

## IV.   Conclusion and Recommendation.

Based on the foregoing, I find that the Court lacks subject-matter jurisdiction over this case. Accordingly, I recommend that CPS's Motion to Dismiss (Docket Entry 12) be **GRANTED**.

## V.   Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be

filed within **fourteen (14) days** after being served with a copy of the same, unless this time period is modified by the District Court.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties.  An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections.  *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on June 5, 2024.

_____
Henry J. Bemporad
United States Magistrate Judge